■ HOMEMAKERS INC., OF LONG ISLAND, True Name UPJOHN HEALTH CARE SERVICES, INC., Respondent, v ROBERT WILLIAMS et al., Appellants.—In an action to recover the value of services rendered, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated March 14, 1985, as granted that branch of the plaintiff's motion which was to vacate so much of a prior order of the same court dated May 22, 1984, as dismissed the complaint insofar as it is asserted against the defendant Dorothy E. Williams and which denied the defendants' motion for leave to renew their motion for an order pursuant to CPLR 2606 directing the Nassau County Clerk to turn over to the defendants $10,000 posted as security.

Order affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the record discloses that the court properly exercised its discretion in granting, in part, the plaintiff's motion to vacate a prior order, dated May 22, 1984, which was based upon an earlier motion made by the defendant Robert Williams. The prior order was apparently granted upon default due to a clerical error through which the said defendant's motion was placed upon the calendar some three days prior to the return date designated in the

notice of motion. The ensuing default was, therefore, not attributable to the plaintiff's conduct.

Further, the court did not err in denying the defendants' motion to renew their application for a turn-over order pursuant to CPLR 2606. Pursuant to an order dated January 3, 1985, which granted the plaintiff leave to make its application to vacate the order dated May 22, 1984, the defendants' motion for a turn-over order was denied, without prejudice to its renewal, in the event the plaintiff failed to timely move for vacatur. Since the plaintiff's motion was made in conformity with the January 3, 1985, order, the defendant's motion to renew was properly denied.

We have reviewed the defendants' remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.